UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MARLANA MOORE,**<br>        *Plaintiff,*<br><br>**v.**<br><br>**DENNY'S, INC. d/b/a DENNY'S<br>RESTAURANTS, INC. and TYUN NIXON,**<br>        *Defendants*. | **C.A. No.** 4:23-cv-752 _____ |

## DEFENDANT DENNY'S, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Denny's, Inc. ("Denny's") hereby removes this action, currently pending in the 48th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas – Fort Worth Division. This case is properly removable because complete diversity of citizenship exists between Plaintiff and Denny's, the amount in controversy exceeds $75,000, and Plaintiff has not served Tyun Nixon ("Nixon"), a forum-state defendant. Additionally and alternatively, Nixon is improperly joined.

### I.
### BACKGROUND

1.      On June 12, 2023, Plaintiff Marlana Moore ("Plaintiff" or "Moore") initiated this action by filing her original petition (the "Petition") in the 48th Judicial District Court of Tarrant County, Texas, in the case styled and numbered *Marlana Moore v. Denny's, Inc. dba Denny's Restaurants, Inc. and Tyun Nixon*; Cause No. 048-342898-23 (the "State Court Action"). The allegations in the Petition relate to alleged incidents between Nixon, who is alleged to be a Denny's employee, and Plaintiff.

2.      On June 20, 2023, Plaintiff filed a Return of Service showing that a private process server allegedly served Denny's with a copy of the Petition and Citation on June 19, 2023 through

its registered agent, CT Corporation System, at 999 Bryan Street, Suite 900, Dallas, Texas 75201. This, however, is the incorrect address, and Denny's was not properly served and did not receive service of these documents. However, this Removal is filed within thirty days of the alleged service, and is timely.

3.      As of the time of filing this Notice of Removal, Plaintiff has not served Nixon, and has filed a motion for substituted service that has yet to be ruled upon in the State Court Action.

## II.
## APPENDIX OF DOCUMENTS

4.      Pursuant to Local Rule 81.1, Denny's submits the following appendix of documents in support of the Notice of Removal, which is attached as Exhibit "A," containing:

| Exhibit | Description |
| --- | --- |
| A-1 | Docket sheet in the State Court Action |
| A-2 | Plaintiff's Original Petition |
| A-3 | Plaintiff's filing of Affidavit of Service of Denny's |
| A-4 | Plaintiff's Motion for Substituted Service on Defendant Nixon |
| A-5 | Proposed Order Granting Plaintiff's Motion for Substituted Service on Defendant Nixon |

## III.
## GROUNDS FOR REMOVAL

**A.      Diversity Jurisdiction**

5.      This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, between citizens of different states.

6.      Plaintiff seeks recovery of alleged back pay, front pay, past and future mental anguish, punitive damages, and attorney's fees. (*See* Pl.'s Orig. Pet. ¶¶ 2.1, 7.1, 7.2, 8.1.) As such,

it is apparent that under 28 U.S.C. § 1446(c)(2)(A)(ii), the amount in controversy in this matter exceeds $75,000.

7.      Complete diversity of citizenship exists between the Parties. 28 U.S.C. § 1332(a). Plaintiff asserts that she is an individual who is domiciled in and resides in Texas. (*Id.* at ¶ 3.1.) Moore is, therefore, a citizen of Texas for jurisdictional purposes.

8.      Denny's is a Florida corporation with its principal place of business in Spartanburg, South Carolina. Denny's is, therefore, a citizen of Florida and South Carolina for jurisdictional purposes, and was so at the time the state action was filed. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

9.      Although Nixon is a citizen of Texas, the state in which this action was brought, Plaintiff has not served Nixon as of the time of filing this Notice of Removal. Thus, pursuant to 28 U.S.C. § 1441(b) and applicable case law, the case is properly removable. *See* 28 U.S.C. § 1441(b)(2) (the forum defendant rule prohibits removal only if the plaintiff has "properly joined and served" a forum state defendant); *Texas Brine Company, LLC v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020) (recognizing "snap removal" in this circuit).

**B.      Fraudulent/Improper Joinder**

10.     Alternatively, even if Plaintiff had served Nixon, Plaintiff has failed to state a claim against him and he is improperly joined. Specifically, Plaintiff alleges that Nixon was allegedly employed by Denny's as a cook and sexually harassed her on multiple occasions during her employment with Denny's. (Pl.'s Pet. ¶¶ 3.3, 5.1-5.4.) Plaintiff alleges that Nixon's actions constituted sexual harassment and discrimination, as well as disability discrimination, in violation of the Texas Labor Code. (*Id.* at ¶¶ 6.1-6.8.)

11.     A removing defendant may establish improper joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

3

action against the non-diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) The test for this second prong is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

12.     Here, Plaintiff claims that Nixon is liable to her for harassment and discrimination on the basis of her sex and disability, in violation of the Texas Labor Code. (Pl.'s Pet. at ¶¶ 6.1-6.8.) Specifically, she alleges that he verbally and physically harassed her on multiple occasions. (*Id.* at ¶¶ 5.1-5.5.) Plaintiff's claims against Nixon are clearly an allegation that Nixon violated Chapter 21 Texas Labor Code. However, as set forth below, Nixon has no individual liability under the Texas Labor Code.

13.     Regarding discrimination under the Texas Labor Code, an employer commits an unlawful employment practice if, because of an employee's race, sex, disability, or other protected category, the employer "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." Tex. Lab. Code § 21.051(1); *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 813 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

14.     On September 1, 2021, Texas made significant changes to its sexual harassment law. "An employer commits an unlawful employment practice if sexual harassment of an employee occurs and the employer or the employer's agents or supervisors: (1) know or should have known that the conduct constituting sexual harassment was occurring; and (2) fail to take immediate and appropriate corrective action." Tex. Lab. Code § 21.142.

15.     To proceed under either provision, the plaintiff must prove that the defendant falls within the statutory definition of "employer." *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Texas Labor Code defines "employer," for the purposes of the Plaintiff's discrimination claim, as "a person who is engaged in an industry affecting commerce and who has 15 or more employees . . . ." Tex. Lab. Code § 21.002(8)(A). As to Plaintiff's sexual harassment claim, the law has redefined "employer" to include a person who: "(A) employs one or more employees; or (B) acts directly in the interests of an employer in relation to an employee." Tex. Lab. Code § 21.141(1).

16.     It is well-established law in Texas that there is no cause of action for violation of Section 21.051 against an individual manager and supervisor as a matter of law. *See, e.g.*, *Anderson v. Houston Cmty. College Sys.*, 458 S.W.3d 633 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that former supervisor could not be liable in her individual capacity under Section 21.051); *Winters v. Chubb & Sons, Inc.*, 132 S.W.3d 568, 580 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 434m 439 (Tex. App.—Waco 2000, pet. denied) ("[S]upervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the [Tex. Lab. Code § 21.051]."); *City of Austin  v. Gifford*, 824 S.W.2d 735 (Tex. App.—Austin 1992, no writ). However, with regards to Section 21.142, the recent change in the law expanding the definition of employer does extend individual liability to supervisors, managers, and any other employee acting directly in the employer's interest. Tex. Lab. Code § 21.141(1).

17.     In this case, the Plaintiff claims that Nixon is liable to her for harassment under Section 21.142, and potentially for discrimination under Section 21.051. (Pl.'s Pet. ¶¶ 6.1-6.8.) As for Plaintiff's claims discrimination under Section 21.051, pursuant to the relevant statutory

provisions and established case law, Nixon does not meet the definition of employer and therefore cannot be held liable for violation of Tex. Lab. Code § 21.051. As to Plaintiff's claims for harassment under Section 21.142, Nixon neither meets the definition of an employer nor was he, as a cook, an employee who acted "directly in the interests" of Denny's in relation to Moore.

18.     Because Plaintiff has failed to state viable causes of action against Nixon in her pleadings, Nixon is improperly joined, and complete diversity exists between the Plaintiff and the remaining Defendant in this lawsuit: Denny's.

**IV.**
**PROCEDURE FOR REMOVAL**

**A.     Removal is Timely and to the Proper Court**

19.     Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the initial pleading through service or otherwise. Plaintiff filed her Petition in the State Court Action on June 12, 2023. Plaintiff's process server provided notice that she believed that Denny's was served on June 19, 2023; however, as stated above, Denny's denies that it has been properly served. Nevertheless, Denny's files this removal now out of an abundance of caution, thirty days after the attempted service, and the removal is timely.

20.     The United States District Court for the Northern District of Texas – Fort Worth Division embraces the county in which the state court action is now pending: Tarrant County. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 93(a) and 1441(a).

21.     Denny's has fully complied with 28 U.S.C. § 1441, et seq., the applicable Federal Rules of Civil Procedure, and the Northern District of Texas's Local Rules.

22.     Denny's is tendering to the Clerk of the United States District Court for the Northern District of Texas the appropriate filing fee, along with this Notice of Removal.

6

23.     Denny's is providing the requisite notice of filing of this Notice of Removal to Plaintiff and the 48th Judicial District Court of Tarrant County, Texas.

**V.**
**CONCLUSION AND PRAYER**

For the reasons stated herein, Denny's asks that this action be removed to the United States District Court for the Northern District of Texas – Fort Worth Division, from the 48th Judicial District Court of Tarrant County, Texas, and for any such other or further relief to which it may show itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By: */s/Linda P. Wills*
    Linda P. Wills (attorney in charge)
    State Bar No. 21661400
    Elvia E. Hague
    State Bar No. 24083451
    Michael F. Webb
    State Bar No. 24118218
    909 Fannin St., Suite 3300
    Houston, Texas 77010
    Tel:  (713) 353-2000
    Fax:  (713) 785-7780
    linda.wills@wilsonelser.com
    elvia.hague@wilsonelser.com
    michael.webb@wilsonelser.com

    **Kristina M. Oropeza**
    State Bar No. 24037353
    Kristina.Oropeza@wilsonelser.com
    901 Main Street, Suite 4800
    Dallas, TX 75202-3758
    (214) 698-8000 – Telephone
    (214) 698-1101 – Facsimile

284945776v.2

**ATTORNEYS FOR DEFENDANT
DENNY'S, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, a true and correct copy of the foregoing instrument was delivered to all parties and counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/Linda P. Wills*

Linda P. Wills